This is an appeal by the defendant employer and by the defendant insurer from the decision of the compensation review division affirming a finding and award for the plaintiff by the workers' compensation commissioner for the third district. The defendants on appeal claim that the commissioner and the compensation review division erred in concluding that the plaintiff's injury arose during the course of his employment.
The following facts were found in the proceedings below: On February 14, 1979, while at work, the plaintiff, a structural engineer, helped a salesman carry a photostat machine down a flight of stairs. The salesman, who was taking the machine from the *Page 608 
premises, requested assistance in the removal within the hearing of a principal owner of the defendant employer who assured him that someone would help. Since the other employees in the vicinity were occupied at the time, the plaintiff volunteered to help. While aiding the salesman in carrying the machine, the plaintiff felt a snap in his back and mild back discomfort. Within a few days, his back discomfort was incapacitating. The plaintiff thereafter filed a claim for workers' compensation benefits based on his back injury.
The issue before us is whether the commissioner and the compensation review division properly concluded that the plaintiff's injury was one "arising out of and in the course of his employment" within the meaning of General Statutes31-284[1] and was therefore compensable.
It is an axiom of workers' compensation law that awards are determined by a two part test. The employee must prove that the injury claimed (1) arose out of the employment and (2) occurred in the course of the employment. McNamara v. Hamden,176 Conn. 547, 550, 398 A.2d 1161 (1979). "There must be a conjunction of the two requirements, `in the course of the employment' and `out of the employment' to permit compensation. The former relates to the time, place and circumstance of the accident, while the latter refers to the origin and cause of the accident." Stakonis v. United Advertising Corporation, 110 Conn. 384, 389,148 A. 334 (1930). *Page 609 
The defendants in the present case claim that the plaintiff's injury failed to meet the requirement that it happen within the course of employment. "In order to come within the course of employment, an injury must occur (a) within the period of the employment; (b) at a place the employee may reasonably be; and (c) while the employee is reasonably fulfilling the duties of the employment or doing something incidental to it." McNamara v. Hamden, supra, 550-51. The defendants do not dispute that requirements (a) and (b) were met. They claim, however, that the plaintiff failed to meet requirement (c). They argue that the plaintiff's duties as a structural engineer do not include assistance in moving machinery; therefore, to be compensable, his injury must have occurred while "doing something incidental to [employment]."
An activity is incidental to employment if it "is regularly engaged in on the employer's premises within the period of the employment, with the employer's approval or acquiescence . . . ." McNamara v. Hamden, supra, 556. Applying this rule, the defendants contend that the plaintiff's act, because it was an isolated incident, was not an activity regularly engaged in. The flaw in the defendant's argument is their assumption that the sole definition of a regular activity is one that occurs a number of times. "Regular" also means that which is proper or conforms to a generally accepted mode of conduct. Webster, Third New International Dictionary. Aiding a salesman to remove his merchandise from an employer's premises readily falls within the scope of activities arising in the normal course of business, in which it is appropriate behavior for an employee to participate, even though he may not be required to do so. The conclusion that the plaintiff's injury arose out of and in the course of his employment was therefore proper.
The defendants further claim that the compensation review division erred in finding that the photostat *Page 610 
machine's removal was for the employer's benefit. Even if this claim were correct, any allusion to an employer benefit is harmless since the compensation review division did not base its decision on such a finding.
 There is no error.
In this opinion COVELLO and SPADA, Js., concurred.